**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT
NOV 16, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Lawrence J. Peck,

                Plaintiff,

v.

Swift Transportation Co. Arizona, LLC,

                Defendant.

ED 17-cv-01695 VAP (KKx)

**Order Granting in Part and Denying in Part Plaintiff's Motion to Remand (Doc. No. 11)**

On September 15, 2017 Plaintiff Lawrence J. Peck ("Plaintiff") filed a Motion to Remand ("Motion"). (Doc. No. 11.) On September 25, 2017, Defendant Swift Transportation Co. Arizona, LLC ("Defendant") filed its opposition. (Doc. No. 13.) Plaintiff filed his reply in support of the Motion on October 2, 2017. (Doc. No. 14.)

On October 11, 2017, this Court took the October 16, 2017 hearing on this matter off calendar. (Doc. No. 18.) Having considered all papers filed in support of the Motion, the Court GRANTS the Motion in Part, and DENIES in part.

## I. BACKGROUND

On November 20, 2014, Plaintiff filed a lawsuit in the Superior Court of California for the County of Riverside against Defendant. (Doc. No. 1-1.) On December 3, 2014, Plaintiff filed a First Amended Complaint. (Doc. No. 1-2.)

Plaintiff alleges that he worked for Defendant as a non-exempt hourly truck driver until December 14, 2013. (Doc. No. 1-2, ¶1.). Plaintiff asserted a single PAGA claim based on various alleged Labor Code violations, including failure to furnish written, accurate and/or incomplete wage statements, failure to pay all wages due within the pay period, failure to pay all wages due at the time of separation, and failure to pay, reimburse or indemnify for work-related expenses. (Doc. No. 1-2, ¶¶ 11-14.) Plaintiff seeks penalties under Labor Code §§2698 and 2699, as well as for unpaid wages under Labor Code § 558 on behalf of "[a]ll persons presently and formerly employed by [Defendant] in California as non-exempt hourly truck drivers who performed any services in California during the covered period and was paid on a per mile basis." (Doc. No. 1-2, ¶¶ 15-17.)

On August 21, 2017, Defendant removed this action to this Court. (Doc. No. 1.) Defendant's removal was based on the Class Action Fairness Act, 28 U.S.C. section 1332(d) ("CAFA"). (Doc. No. 1 at 2.) Plaintiff now seeks remand, claiming the removal was improper. (Doc. No. 11.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). A defendant may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court

may be removed. 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") "confers original jurisdiction to the district courts 'of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which— any member of the class of plaintiffs is a citizen of a State different from any defendant.'" Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1120 (9th Cir. 2014).

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C.A. § 1332(d)(1)(B); Washington v. Chimei Innolux Corp., 659 F.3d 842, 848 (9th Cir. 2011). The Ninth Circuit has held that "PAGA actions are . . . not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." Baumann, 747 F.3d at 1122.

### III. DISCUSSION

#### A. Baumann Requires Remand

In Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1122 (9th Cir.2014), the Ninth Circuit held that "PAGA actions are not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction."[1] In arriving at this holding, the Ninth Circuit

---

[1] Defendant recites a much more extreme version of Baumann's holding: "that PAGA actions do not share *any* of the procedural characteristics of a Rule 23 class action, in-

discussed the many points of distinction between PAGA actions and Rule 23 class actions. Just one of these differences was the distinction between PAGA penalties and damages sought in Rule 23 class actions. Id. at 1123 ("In class actions, damages are typically restitution for wrongs done to class members. But PAGA actions instead primarily seek to vindicate the public interest in enforcement of California's labor law.").

Baumann also highlighted the many other differences between PAGA lawsuits and Rule 23 class actions. For example, the Ninth Circuit pointed out that PAGA also lacks the core Rule 23 requirements of "numerosity, commonality, or typicality." Id. The Ninth Circuit also observed that Rule 23 contemplates various procedural safeguards to protect unnamed class members that have no counterpoint in PAGA. Id. at 1122 ("PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action. In a PAGA action, the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees—critical requirements in federal class actions under Rules 23(a)(4) and (g)."). The Ninth Circuit noted that the finality of PAGA judgments is different; while members of a Rule 23 class action who receive notice and decline to opt out are bound by a judgment, employees in a PAGA suit retain their rights "to pursue or recover other remedies . . . ." Cal. Lab.Code § 2699(g)(1).

---

cluding the need to establish commonality, predominance and manageability." (Doc. No. 13 at 7 (emphasis added).)

Despite this holding, Defendant argues that removal was proper. In support of its argument, Defendant relies primarily on two California state court cases to challenge the reasoning of Baumann and to argue that it does not apply in this case: Esparza v. KS Indus., L.P., 13 Cal. App. 5th 1228 (2017), review filed (Sept. 20, 2017) and Williams v. Superior Court, 3 Cal. 5th 531 (2017). The Court discusses both cases below.

**1. Esparza v. KS Indus., L.P.**

In Esparza, the California Court of Appeal addressed whether a PAGA suit constituted a private dispute arising from an employment contract that was subject to arbitration under the terms of the arbitration agreement and the Federal Arbitration Act ("FAA"). 13 Cal. App. 5th at 1233-34. The Esparza court looked to guidance from Iskanian v. CLS Transp. Los Angeles, LLC, 59 Cal. 4th 348 (2014), which "prevents the arbitration of claims only in representative actions that seek 'civil penalties.'" Id. at 1233-34, 1241-43. The Court ruled that if the plaintiff was seeking to recover lost wages under Labor Code section 558, the Iskanian rule did not apply, because such claims were private disputes arising out of the employment contract with the defendant. Id. at 1246 ("The rule of nonarbitrability adopted in Iskanian is limited to representative claims for civil penalties in which the state has a direct financial interest."). Accordingly, the California Court of Appeal held that the plaintiff's PAGA claims seeking lost wages under Labor Code § 558 were brought pursuant to the arbitration agreement and the FAA. Id. at 1234-35.

Defendant argues that Esparza's treatment of unpaid wages under Labor Code §558 makes a PAGA action sufficiently similar to a Rule 23 class action to justify application of CAFA, despite Baumann. (Doc. No. 13 at 6.) The Court disagrees.

Far from "clarif[ying] that [Baumann] does not preclude CAFA jurisdiction in PAGA actions like this one," the Esparza opinion makes no mention of Baumann or CAFA.  Furthermore, the Esparza characterization of lost wages under Labor Code §558 was limited to the arbitration context.  Id. at 1243.  At no point does the Esparza court equate unpaid wages recoverable under Labor Code § 558 in a PAGA action with damages recoverable in a rule 23 class action.

In short, Esparza does not change the applicability of Baumann.

### 2. **Williams v. Superior Court**

Even if the holding in Esparza drew a parallel between Rule 23 damages and the damages sought in this PAGA action (and it did not), this would eliminate only one of the many points of distinction identified in Baumann.  In an apparent attempt to make up for this, Defendant argues that the California Supreme Court's opinion in Williams requires this Court to disregard Baumann's holding. (Doc. No. 13 at 7, 15 ("Following Williams, it is clear that PAGA actions are substantially identical to Rule 23 class actions in terms of the procedural requirements a plaintiff must meet in order to try the case.  The basis for the [Baumann] ruling is no longer viable.").  This is a mischaracterization of Williams.

Williams dealt with a dispute over the scope of discovery in a PAGA action.  Id. at 537.  In support of its holding that the plaintiff was entitled to seek the contact information of other, non-party employees in discovery, the California Supreme Court reasoned that discovery in PAGA cases should be as broad as discovery in class actions.  Id. at 548.  The California Supreme Court observed that "the similarities between the forms of action directly pertain" to "the reasons fellow

employee contact information is discoverable". <u>Id.</u> at 548. The similarities between class actions and PAGA suits that the California Supreme Court identified were: (1) many non-party employees could be percipient witnesses in a PAGA suit just as non-party class members could be witnesses in class actions; (2) "absent fellow employees will be bound by the outcome of any PAGA action . . . just as absent class members are bound"; (3) the PAGA policy goals of enforcing state labor regulations for the benefit of the state's workforce overlaps with the policy goal of the state's class-wide enforcement of consumer and worker protection statutes. <u>Id.</u> at 547-49.

The California Supreme Court also held that discovery in PAGA cases was not contingent upon the plaintiff "establishing a uniform companywide policy." <u>Id.</u> at 599. The California Supreme Court suggested that such a policy could be used to prove both "manageability" in a PAGA suit or to show a "commonality of interest" in a class action. <u>Id.</u> The Court did not, however, equate "manageability" and the Fed. R. Civ. P. 23 requirements. <u>Id.</u> at 599.

The California Supreme Court also recognized that PAGA suits and class actions "have a host of identifiable procedural differences." <u>Id.</u> at 546-47 ("PAGA does not make other potentially aggrieved employees parties or clients of plaintiff's counsel, does not impose on a plaintiff or counsel any express fiduciary obligations, and does not subject a plaintiff or counsel to scrutiny with respect to the ability to represent a large class.").

Just as with <u>Esparza</u>, <u>Williams</u> does not address <u>Baumann</u>, CAFA, or even removal generally. Nor does it make any mention of the application of its holding to any context other than discovery. It does not show, as Defendant contends, that

"PAGA actions are substantially identical to Rule 23 class actions in terms of the procedural requirements a plaintiff must meet in order to try the case." (Doc. No. 13 at 7.) If anything, Williams supports Baumann, since it highlights many of the same differences between PAGA suits and class actions that the Ninth Circuit identified.

Accordingly, the Court holds that remand is required since the holding in Baumann remains undisturbed. Defendant's removal was improper, since CAFA is not applicable to a PAGA suit that does not also seek class certification.[2]

## B. Attorneys' Fees

Under 28 U.S.C. section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs and fees is appropriate where the removing party lacks an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066 (9th Cir. 2008). Removal is not objectively reasonable when relevant case law at the time clearly forecloses the removing party's asserted basis for removal. See Lussier, 518 F.3d at 1066 (citing Lott v. Pfizer, Inc., 492 F.3d 789, 794 (7th Cir. 2007)). A plaintiff need not demonstrate "bad faith" to justify an award of attorney's fees and costs, and courts have "wide discretion" in making an award under this provision. See Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447, 448 (9th Cir. 1992). Due to the fact that the award of fees is collateral to the decision to

---

[2] Given the Court's holding that Baumann applies and CAFA does not grant this Court jurisdiction to hear Plaintiff's non-class action, PAGA lawsuit, the Court declines to address the timeliness of Defendant's removal or whether Defendant has satisfied the CAFA "amount in controversy" requirement.

remand, the District Court does not lose jurisdiction to award fees and costs after it remands a case.  Id. at 445; Stallworth v. Greater Cleveland Regional Transit Authority, 105 F.3d 252 (6th Cir. 1997); Mints v. Educational Testing Service, 99 F.3d 1253 (3d Cir. 1996).  There are some circumstances in which attorney's fees or costs may be imposed even when the Court is without subject matter jurisdiction.  Branson v. Nott, 62 F.3d 287 (9th Cir. 1995).

The Court declines to award attorney's fees, since Plaintiff has not demonstrated that Defendant lacked an objectively reasonable basis for removal.

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion, but DENIES Plaintiff's request for attorney's fees.  The Court thus REMANDS this matter to the California Superior Court for the County of Riverside, and Defendant's Motion to Consolidate (Doc. No. 19.) is hereby DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:   11/16/17

Virginia A. Phillips
Chief United States District Judge